THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL JONES, Appellant. Memorandum: The principal issue on the trial was the identification of the defendant at the scene of the alleged crime. The existing circumstances as testified to by the two

witnesses relied on by the prosecution provided very little opportunity for either witness to get more than a fleeting glimpse of the burglar. In view of the doubtful character of the identification made on the trial it was reversible error to permit one witness to testify to identification of a photograph of the defendant from 200 or 300 shown her by the police and the other witness to testify to identification of a photograph of the defendant also furnished by the police. Such error was compounded by the Assistant District Attorney's reference in his opening to the fact that the two identification witnesses had picked out defendant's picture from a group of mug shots at police headquarters. (See *People* v. *Caserta*, 19 N Y 2d 18.) It is significant that identification of defendant in the line-up, by one of the witnesses, was made only after she had seen a picture of him at police headquarters. Notwithstanding the failure of the defense to have made objections to this very prejudicial and inadmissible use of the photograph the interests of justice require a new trial. All concur, except Henry and Del Vecchio, JJ., who dissent and vote to affirm in the following Memorandum: In our opinion the whole testimony on identification given by the three principal witnesses amply supports the verdict. The defendant was at the scene of the crime for about 10 minutes, one witness observed his face for approximately two minutes and two witnesses identified him the following day in the line-up. Under the circumstances in this case, references to prior identification from photographs, received without objection and followed by a thorough and complete cross examination on the question of identification did not affect such a substantial right of the defendant who took the witness stand to warrant a new trial. In *People* v. *Caserta*, (19 N Y 2d 18) cited by the majority only one witness who saw the defendant for a split second connected him with the crime, the inadmissible evidence of previous identification from photographs was received over objection and the defendant did not take the witness stand. We would affirm under section 542 of the Code of Criminal Procedure. (Appeal from judgment of Erie County Court, convicting defendant of burglary first degree, robbery first degree, and assault first degree.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.